UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ISMAEL GARCIA,

                              Plaintiff,

                 -against-

CITY OF NEW YORK, POLICE OFFICER NICHOLAS
LEVESQUE, Shield No. 15044, POLICE OFFICER
MARTIN, Shield No. 24921, and POLICE OFFICER
ROMERO, First Name and Shield No. Unknown,

                              Defendants.
------------------------------------------------------------------X

AMENDED COMPLAINT
(Jury Trial Demanded)

12 Civ. 5223 (ALC)

       Plaintiff Ismael Garcia, by his attorneys Scott A. Korenbaum, Esq. and Poupa Jenny Marashi, Esq., for his Amended Complaint, alleges as follows:

Preliminary Statement

       1.     Plaintiff Ismael Garcia brings this action pursuant to 42 U.S.C. § 1983 to redress the deprivation of his federal constitutional rights. On the evening of April 9, 2011, at approximately 8:30 p.m., members of the Police Department of the City of New York (the "Department") subjected him to excessive force during the course of his arrest.

JURISDICTION AND VENUE

       2.     Pursuant to 28 U.S.C. §§ 1331 and 1343, jurisdiction is proper as plaintiff's claims arise under federal law. Pursuant to 28 U.S.C. § 1367, jurisdiction is proper as to his claim arising under the common law of the State of New York.

       3.     Pursuant to 28 U.S.C. § 1391(b), venue is proper as the acts complained of occurred in the State of New York, County of Bronx.

PARTIES

       4.     Mr. Garcia is a United States citizen. At the times of the incident complained of,

he resided in the Bronx. At all times relevant hereto, Mr. Garcia was deaf as a result of childhood illness.

5. Defendant Police Officer Nicholas Levesque, Shield No. 15044, was, at all times relevant herein, a member of the Department. Upon information and belief, at all times relevant herein, he was assigned to the 46th Precinct.

6. Upon information and belief, defendant Levesque is still a member of the Department. At all times relevant herein, he was acting within the scope of his employment and under color of law.

7. Defendant Police Officer Martin, Shield No. 24921, was, at all times relevant herein, a member of the Department. Upon information and belief, at all times relevant herein, he was assigned to the 46th Precinct.

8. Upon information and belief, defendant Martin is still a member of the Department. At all times relevant herein, he was acting within the scope of his employment and under color of law.

9. Defendant Police Officer Romero, first name and shield number unknown, was, at all times relevant herein, a member of the Department. Upon information and belief, at all times relevant herein, he was assigned to the 46th Precinct.

10. Upon information and belief, defendant Romero is still a member of the Department. At all times relevant herein, he was acting within the scope of his employment and under color of law.

11. Defendant City of New York is a municipal corporation organized pursuant to the laws of the State of New York. It has all the powers vested in it by the laws of the State of New York, the City of New York and the Charter of the City of New York. At all times relevant

herein, it was the employer of defendants Levesque, Martin and Romero.

## ADMINISTRATIVE PREREQUISITES

12. On July 7, 2011, Mr. Garcia served a timely Notice of Claim with defendant City of New York in the Office of the City Comptroller, in accordance with the General Municipal Law, concerning the facts underlying Mr. Garcia's arrest and the force used against him.

13. At least thirty days have elapsed since the Notice of Claim was filed and adjustment or payment thereof has been neglected or refused. This action was commenced on July 5, 2012, within one year and 90 days from the date of the occurrences alleged herein, as required under Section 50-i of the General Municipal Law.

## FACTS

14. At approximately 8:30 p.m., Mr. Garcia was in the vicinity of Marion Avenue near 188th Street. While there, he was tackled by two of the three defendants, who were investigating whether Mr. Garcia had committed violations of the New York State Penal Law.

15. Even though no justification existed, these defendants grabbed Mr. Garcia by the hair and smashed his face into the sidewalk multiple times, and one of the defendants subsequently kneed him in area of the head. The defendants' actions are depicted on security video footage.

16. As a result of the defendants' actions, Mr. Garcia was rushed to St. Barnabas' Hospital in the Bronx.

17. According to hospital medical records, Mr. Garcia suffered, among other injuries, a displaced left orbital medial wall fracture, a broken nose, scleral hematoma of the right eye, periorbital edema and ecchymosis of the right eye, a 2.5 cm laceration superior to the left eye and a right maxillary sinus hemorrhage, as a result of the defendants' actions.

18.     While at St. Barnabas, Mr. Garcia developed right middle lobe pneumonia. Because of communication difficulties at St. Barnabas, Mr. Garcia ultimately left St. Barnabas Hospital and was admitted to Jacobi Medical Center, where he descended into a coma.

19.     As a result of the actions of the individual defendants, Mr. Garcia had facial surgery to repair his left eye and nose.

20.     At no time did Mr. Garcia engage in any conduct that justified the defendants' use of force.

## FIRST CLAIM FOR RELIEF
(42 U.S.C. § 1983–Excessive Force)

21.     Plaintiff Ismael Garcia repeats and realleges the allegations contained in paragraphs 1 through 20, as if fully set forth herein.

22.     On April 9, 2011, two of the three individual defendants were involved in the arrest of Mr. Garcia. In effectuating his arrest, they used more force than was necessary.

23.     As the behavior of Mr. Garcia provided no justification for their conduct, the defendants' actions were unreasonable within the meaning of the Fourth and Fourteenth Amendments to the United States Constitution.

24.     As a result of defendants' conduct, Mr. Garcia was injured, and continues to suffer from his injuries.

## SECOND CLAIM FOR RELIEF
(State Law--Battery)

25.     Plaintiff Ismael Garcia repeats and realleges the allegations contained in paragraphs 1 through 24, as if fully set forth herein.

26.     On April 9, 2011, two of the three individual defendants intentionally and without legal justification struck Mr. Garcia in a harmful and offensive manner.

27. Mr. Garcia did not consent or authorize defendants to touch him this way.

28. The individual defendants were agents of defendant City of New York and were at all relevant times acting within the scope of their employment.

29. As a result of the individual defendants' conduct, Mr. Garcia was injured, and continues to suffer from his injuries.

30. As the employer of the individual defendants, defendant City of New York is responsible for the injuries Mr. Garcia suffered, and continues to suffers, as a result of the conduct of the individual defendants pursuant to the doctrine of *respondeat superior*.

### THIRD CLAIM FOR RELIEF
(42 U.S.C. § 1983--City of New York)

31. Plaintiff Ismael Garcia repeats and realleges the allegations contained in paragraphs 1 through 30, as if fully set forth herein.

32. At all times material to this Complaint, defendant City of New York had de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct alleged herein.

33. At all times material to this Complaint, defendant City of New York failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline defendants Levesque, Martin and/or Romero.

34. As a result of the individual defendants' conduct, Mr. Garcia was injured, and continues to suffer from his injuries.

35. The policies, practices, customs, and usages were a direct and proximate cause of the injuries Mr. Garcia sustained at the hands of the defendants.

## DEMAND FOR A JURY TRIAL

36. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Garcia prays for the following relief:

(a) compensatory damages in an amount to be determined at trial;

(b) punitive damages in an amount to be determined at trial;

(c) reasonable attorneys' fees;

(d) costs and expenses; and

(e) such other and further relief as is just and proper.

Dated: New York, New York
       January 9, 2013

SCOTT A. KORENBAUM, ESQ.
Attorney for Plaintiff
111 Broadway, Suite 1305
New York, New York 10006
(212) 587-0018

POUPA JENNY MARASHI, ESQ.
888 Grand Concourse #1J
Bronx, NY 10451
(917) 703-1742

By: _____
    Scott A. Korenbaum

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISMAEL GARCIA,

                                                        Plaintiff,

     -against-

CITY OF NEW YORK, POLICE OFFICER NICHOLAS LEVESQUE, Shield No. 15044, POLICE OFFICER MARTIN, Shield No. 24921, and POLICE OFFICER ROMERO, First Name and Shield No. Unknown,

                                                        Defendants.

## AMENDED COMPLAINT

**SCOTT A. KORENBAUM, ESQ.**
*Attorney for Plaintiff*
ATTORNEY AT LAW
11 PARK PLACE, SUITE 914
NEW YORK, NEW YORK 10007
(212) 587-0018

Service of a copy of the within                                                   *is hereby admitted.*

Dated:

                                                                    Attorney(s) for

☐ **PLEASE TAKE NOTICE**

☐     *that the within is a (certified) true copy of a*
       *entered in the office of the clerk of the within court on*                               19

Notice of Entry

Notice of Settlement
    *that an Order of which the within is a true copy will be presented for settlement to the Hon.*    *one of the judges of the within named Court,*
    at
    on      19  , at      M.

Dated:

                              **SCOTT A. KORENBAUM, ESQ.**
                               *Attorney for Plaintiff*
                              11 PARK PLACE, SUITE 914
                              NEW YORK, NEW YORK 10007

To:

*Attorney(s) for*